# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

GEORGE A. BROWN, )
)
    Plaintiff, )
)
v. ) Case No. CV407-118
)
RALPH KEMP, )
)
    Defendant. )

## **REPORT AND RECOMMENDATION**

Plaintiff has filed a civil complaint not-so-cleverly disguised as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Responding as if this were a § 2254 petition, the state has filed a motion to dismiss for lack of jurisdiction. Docs. 11, 12. For the reasons that follow, the Court recommends that the plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

Plaintiff filed his "petition" on August 28, 2006, claiming that "the U.S. Supreme Court" had failed to comply with its "own statutory rules and regulations" in processing a petition for writ of certiorari (which he

filed pro se) by insisting that he submit an IFP application and certain additional materials.¹ Doc. 1, at 5. He contends that the "justices of the Supreme Court of the United States are personally responsible for abridging . . . [his] constitutional rights." Id. at 5C. He further claims that "the executive branch of government" violated his rights by failing to investigate and prosecute a criminal violation that plaintiff reported. Id. at 5. Doc. 3.

Plaintiff filed his civil action in the District of Columbia rather than in the district of his conviction and incarceration, the Southern District of Georgia. Id. The District of Columbia, understandably confused by the true nature of plaintiff's claim, transferred the petition to the Middle District of Georgia. Id. On August 7, 2007, the Middle District of Georgia transferred the petition to the Southern District. Id. Shortly after it arrived in this District, the state moved to dismiss the petition as "second

---

¹ Rather than comply with the instructions of the Clerk of the Supreme Court, plaintiff objected that he had already satisfied the Supreme Court's rules and complained that he was being denied access to that Court. Doc. 1, at 5A, 5B. Plaintiff states that his cert petition was ultimately "removed from the docket" of the Supreme Court. Id. at 5B.

or successive" in violation of § 2254 (b)(3)(A).² Docs. 11, 12. Plaintiff's petition, however, does not in any way challenge a "judgment of a State Court" as required by § 2254(a). After "look[ing] behind the label of [the pleading] filed by" plaintiff, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), it is clear to the Court that he hoped to disguise a civil action as a habeas petition so that he could escape the "three strikes" provision of 28 U.S.C. § 1915(g). Accordingly, the Court construes this "petition" as a civil complaint and a motion to proceed without prepayment of fees under 28 U.S.C. § 1915.

Plaintiffs are generally required to pay $350 to institute any civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may commence an action without prepayment of the filing fee if they proceed *in forma pauperis* under § 1915.³ In order to proceed *in forma*

---

² The state argues that plaintiff already filed a § 2254 petition in the Southern District of Georgia on May 29, 2007, and that petition is currently pending before this Court. Doc. 12 at 2 (referring to Brown v. Kemp, No. 407cv069 (S.D. Ga. May 29, 2007)). Though the current "petition" was actually filed in the District of Columbia *prior* to the May 29, 2007 petition, the state argues that it is a "second or successive" application for habeas relief which requires an order from the appropriate court of appeals before it can be filed. Doc. 12 at 3 (applying § 2254 (b)(3)(A)).

³ Prisoners, unlike other indigents, are always required to pay the filing fee, but they may do so over time rather than paying the entire cost up-front. § 1915(b)(1).

*pauperis*, prisoners must satisfy § 1915(g), which states that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates a suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff apparently hoped to bypass § 1915(g) by characterizing his suit as a § 2254 petition. Plaintiff is a frequent filer in federal court[4] who

---

[4] See, e.g., Brown v. Lawton, et al., No. 402cv104 (S.D. Ga. Aug. 25, 2006); Brown v. Chatham County Bd. of Comm'rs, No. 402cv167 (S.D. Ga. Sept. 11, 2002); Brown v. Georgia Dep't of Human Res., No. 402cv172 (S.D. Ga. Nov. 22, 2002); Brown v. Freeseman, et al., No. 402cv084 (S.D. Ga. May 23, 2002); Brown v. Lawton, et al., No. 402cv048 (S.D. Ga. Mar. 04, 2002); Brown v. St. Lawrence, No. 402cv074 (S.D. Ga. Apr.

has clearly exceeded the "three strikes" permitted by § 1915(g).[5] Accordingly, without a showing of "imminent danger of serious physical injury," plaintiff's complaint should be dismissed without prejudice. § 1915(g).

In order to come within the "imminent danger" exception, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm." Skillern v. Jackson, 2006 WL 1687752, at *2 (S.D. Ga. Jun. 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the § 1915(g) exception. Margiotti v. Nichols, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is

---

25, 2002); Brown v. Bush, et al., No. 05cv1608 (D.D.C. Jun. 9, 2006); Brown v. Congress of the U.S., No. 05cv1998 (Sept. 21, 2006); Brown v. Rosa Williams, et al., No. 05cv2231 (D.D.C. Nov. 17, 2005).

[5] Brown v. Bush, et al., No. 104cv164 (D.D.C. Feb. 5, 2004) (dismissed with prejudice for failure to state a claim); Brown v. Bush, et al., No. 104cv926 (D.D.C. June 7, 2004) (dismissal with prejudice for failure to state a claim); Brown v. Bush, et al., No. 104cv1092 (D.D.C. June 29, 2004) (dismissal with prejudice for failure to state a claim); Brown v. Supreme Court of Georgia, No. 106cv074 (N.D. Ga. Feb 2, 2006) (dismissed as frivolous under § 1915A); Brown v. Supreme Court of Georgia, No. 06-11149-B (11th Cir. Aug. 8, 2006) (appeal dismissed as frivolous); Brown v. Freeseman, et al., No. 02-13263-H (11th Cir. Aug. 1, 2002) (appeal dismissed as frivolous); Brown v. Mallory, No. 103cv3861 (N.D. Ga. Feb. 6, 2004) (dismissed as frivolous under § 1915A).

clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff's complaint first claims that the United States Supreme Court violated its own rules by asking him to submit certain required forms before it determined whether to grant certiorari. Doc. 1. Second, he claims that certain U.S. and Georgia prosecutors violated his constitutional rights by failing to prosecute a crime he allegedly reported. Id. Neither the Clerk of the United States Supreme Court nor any federal or state prosecutors are likely to physically harm plaintiff. Accordingly, he has not demonstrated that he is in imminent danger of serious physical harm.

The "three strikes" provision of § 1915(g) was created specifically to aid the courts by discouraging prisoners from filing baseless claims and to exact a penalty when they continue to do so. For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice.

If plaintiff wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 7th day of November 2007.

*/s/ J.A. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA